IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK CAIRNS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 2:14-CV-05671 |
| HIBU PLC, et al. | : | |
| Defendants. | : | |

### MOTION FOR EXTENSION OF TIME TO ANSWER

Defendants hibu, Inc., hibu PLC and Michael Pocock (collectively "Defendants"), by counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1), respectfully move for an extension of time to answer Plaintiff Mark Cairns' Complaint ("Complaint"). In support, Defendants state as follows:

**I. BACKGROUND**

1. Plaintiff Mark Cairns filed a Complaint in the Court of Common Pleas of Bucks County, Pennsylvania on September 2, 2014.

2. Defendants filed a Notice of Removal of the Complaint on October 3, 2014 (Docket No. 1), and at the same time filed a Notice of Removal in a related action, McCusker v. Hibu, PLC, et al., No. 2:14-cv-05670 (the "McCusker Matter"), both of which were assigned to the Hon. Nitza I. Quinones Alejandro as related proceedings.

3. Defendants filed a Motion to Dismiss the Complaint on October 17, 2014 in both the instant case (see Docket No. 8) and the McCusker Matter.

80912203.2

4. At Plaintiff's counsel's request, Defendants agreed to stipulate to an extension of time for Plaintiff to respond to the Motion to Dismiss from November 3, 2014 to November 17, 2014. (Docket No. 10).

5. On April 8, 2015, this Court issued an Order dismissing the Complaint in the McCusker Matter and directing the Clerk of Court to transfer it to the Eastern District of New York pursuant to 28 U.S.C. 1404(a). The following day, the Court issued an order denying the Motion to Dismiss in the instant matter. (Docket No. 14).

6. Defendants' Answer to the Complaint in the instant matter was due on April 23, 2015.

7. The undersigned act as local counsel in both the Cairns and McCusker matters. In late March and early April, 2015, while the Motions to Dismiss were pending, Defendants also began the process of changing lead outside counsel.

8. On May 8, 2015, having received notice of the Court's transfer of the record in the McCusker Matter to the Eastern District of New York, counsel for Defendants became aware that they had inadvertently failed to submit an answer in the instant case by April 23, 2015.

9. Defendants' counsel promptly contacted Plaintiff's counsel by phone and email on May 8, 2015, to solicit agreement to an extension of time, but did not receive a response as to the requested extension. Accordingly, out of an abundance of caution, Defendants therefore bring this motion requesting that the Court permit Defendants an enlargement of time to file their Answer to the Complaint.

10. Defendants intend to file the Answer forthwith, and in any event no later than May 15, 2015.

## II. ARGUMENT

11. Federal Rule of Civil Procedure 6(b) "gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 906 n. 7, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). On motion made after the time has expired for a party to respond, a court may extend the time to respond because of the moving party's excusable neglect. F.R.C.P. 6(b). Even "when an actor knowingly misses a deadline but acts in good faith without any intention to prejudice the opposing party, manipulate the legal process, or interfere with judicial-making, the actor's delay is neglectful, but not intentional, and thus may be excusable." Golf Sav. Bank v. Walsh, No. 09–973–AC, 2010 WL 3222112, at *5 (D.Or. Aug. 13, 2010).

12. Defendants respectfully submit that the delay in filing was excusable, as Defendants acted in good faith without any intention to prejudice the opposing party, manipulate the legal process, or interfere with judicial decision-making.

13. Defendants further note that, where the request for an extension specifically relates to an answer to a complaint rather than some other type of motion or response, courts within this Circuit have permitted the late filing of an answer even in cases of *inexcusable* neglect. See EMCASCO Ins. Co. v. Sambrick, 834 F.2d 71, 75 (3d Cir. 1987) (reversing entry of default judgment and directing lower court to permit filing of proffered answer, even where "nothing in the record suggests that this neglect was excusable"). See also Royal Insurance Co. of Am. v. Packaging Coordinators, Inc., No. 00-cv-3231, 2000 WL 1596081, at *2 (E.D. Pa. Oct. 24, 2000) ("Even an unexcused failure to file an answer to a complaint, therefore, generally does not constitute flagrant bad faith" justifying a court's refusal to permit filing of an answer).

80912203.2

14. Accordingly, Defendants respectfully request an extension of time to answer the Complaint, intending to file forthwith, and in any event no later than May 15, 2015.

15. This motion is brought in good faith, and not made for the purposes of harassment or delay.

WHEREFORE, Defendant prays for an enlargement of the time within which to answer Plaintiff's Complaint.

Respectfully submitted,

Dated:  May 8, 2014

*/s/ David J. Woolf*
David J. Woolf (PA. No. 76484)
Dennis M. Mulgrew, Jr. (PA. No. 312359)
William M. McSwain (PA. Id. No. 86499)
DRINKER BIDDLE & REATH LLP
A Limited Liability Partnership
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6999
Phone: 215.988.2700
Fax: 215.988.2757

80912203.2