IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK CAIRNS,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO.  2:14-CV-05671 |
| | : | |
| **HIBU PLC,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

### REPORT OF RULE 26(F) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the Parties conferred on July 23, 2015 and submit the following report of their meeting for the Court's consideration:

1.     **Discussion of Claims, Defenses and Relevant Issues**

**Plaintiff's Statement**:  Plaintiff's Complaint alleges two claims:  Defamation and Violation of the Pennsylvania Wage Payment and Collection Law ("WPCL").  The complaint alleges that an employment contract between the parties arose by implication and was breached when Plaintiff was terminated in that Plaintiff was not given severance pay, benefits or money he was otherwise owed upon termination.  In addition, the Defendants besmirched Plaintiff's personal and professional reputation for which he seeks appropriate compensation.

**Defendants' Statement**:  Defendants terminated Plaintiff's at-will employment after an investigation into Plaintiff's communications indicated that Plaintiff was acting in manner that was disloyal and against the interests of hibu Inc.  There exists no employment agreement or hibu policy entitling Plaintiff to any severance payments following the termination of his at-will employment and Defendants paid Plaintiff all wages owed to him upon his termination.  Thus,

Plaintiff's claim for owed wages under the Pennsylvania Wage Payment and Collection Law has no merit. The internal hibu communication sent to hibu employees informing them of Plaintiff's termination contains true statements of facts and opinion that as a matter of law cannot be defamatory. Accordingly, Plaintiff's defamation claim cannot prevail.

2. **Informal Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties exchanged initial disclosures on June 9 and 16, 2015.

3. **Formal Discovery**

The Parties propose the following deadlines:

- Fact Discovery Deadline: November 13, 2015
- Neither Party expects to use an expert witness at this time.
- Dispositive Motion Deadline: December 18, 2015

4. **Electronic Discovery**

The Parties conferred and agreed to produce electronic information in TIF or PDF format. The Parties, therefore, do not require a separate electronic discovery order. To the extent circumstances arise warranting a separate electronic discovery order, the Parties will meet and confer in advance.

5. **Expert Witness Disclosures**

The Parties do not expect to use expert witnesses at this time.

6. **Early Settlement or Resolution**

Plaintiff initially proffered a settlement demand, but has since withdrawn it. The Parties will explore resolution, and perhaps mediation, again after the conclusion of fact discovery.

7. **Trial**

Counsel expects to be ready for trial 60 days after the Court's decision on any dispositive motion.  Counsel expects the trial to take between 1-3 days.

8. **Other Matters**

None.

Respectfully submitted,

| | |
|---|---|
| /s/ Clifford E. Haines | /s/ Bret A. Cohen |
| Clifford E. Haines | Bret A. Cohen (admitted *pro hac vice*) |
| HAINES & ASSOCIATES | Gauri P. Punjabi (admitted *pro hac vice*) |
| The Widener Building, 5th Floor | MINTZ, LEVIN, COHN, FERRIS, |
| 1339 Chestnut Street | GLOVSKY AND POPEO, P.C. |
| Philadelphia, PA 19107 | One Financial Center |
| | Boston, MA  02111 |
| Attorney for Plaintiff | Telephone: (617) 542-6000 |
| | bacohen@mintz.com |
| | gppunjabi@mintz.com |
| | |
| | William M. McSwain |
| | David J. Woolf |
| | Dennis M. Mulgrew, Jr. |
| | DRINKER BIDDLE & REATH LLP |
| | One Logan Square, Suite 2000 |
| | Philadelphia, PA  19103-6996 |
| | Telephone: (215) 988-2700 |
| | William.McSwain@dbr.com |
| | David.Woolf@dbr.com |
| | Dennis.Mulgrew@dbr.com |
| | |
| | Attorneys for Defendants |

Dated:  July 24, 2015

42558624v.1